**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**BRIAN FISHBACK**                                                                                          **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 1:21-CV-125-GNS**

**WARREN COUNTY FISCAL COURT/**
**JUDGE-EXECUTIVE MIKE BUCHANNON** *et al.*                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-action filed by Plaintiff Brian Fishback. Plaintiff has filed an application to proceed without prepayment of fees. On review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 3) is **GRANTED**.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff initiated this action by filing a non-prisoner complaint form for a civil case. On the form, he indicates that he resides in Bowling Green, Kentucky. He sues Warren County Fiscal Court Judge-Executive Mike Buchannon, the Bowling Green City-County Planning Commission Board, and the Bowling Green Board of Commissioners. Plaintiff checked the box which indicates that this Court has jurisdiction over this action because a "federal question" is presented. In the section of the complaint form which asks him to list the federal statutes, federal

treaties, and/or provisions of the United States Constitution that are at issue in this case, Plaintiff writes "Ethics laws violations" and "voter suppression." The complaint contains no other information.

In the attachment to the complaint, Plaintiff alleges that there was an "ethics violation" in 2020 when Warren County failed to placed voting booths in the "Parker-Bennett area." Plaintiff states that the closest voting booth for this community's residents was in downtown Bowling Green, Kentucky, in Warren County, and that there was no public transportation to this voting location due the COVID-19 pandemic. Plaintiff asserts that this allegation establishes that the Warren County Fiscal Court successfully blocked "Democratic Party voters" from voting in the 2020 election. Plaintiff also states that the "WC[1] Fiscal Court members are not good at keeping financial records or good at financial management" and that their fiscal errors resulted in the closing of "Delafield Community Center" where voting booths had traditionally been located. Plaintiff states that these actions "helped keep the Republic Party's strong-hold on the WC local government and in Kentucky's state government also . . . and that seems to me is a 'violation of Ethics laws.'"

Plaintiff also complains that the "W C Fiscal Court permanently closed a public library . . . that was operating in the Parker-Bennett area of WC where several youths lived." Plaintiff state that the permanent closing of the public library "could cause people, or the adults in this whole [] area, to become less knowledgeable and thereby less able to be employed and financially stable in the business world . . . ." Plaintiff also claims that the "W C Fiscal Court" should have used money from a 2020 federal grant to build a new library in the "Parker-Bennett area"; "incentivize" a grocery store to locate in this area; add a "walking track cushioner" to an already-existing walking track in "Kummer gymnasium"; "incentivize" a company to bring "call center jobs to [Bowling Green]; lower the cost of using public transportation; relocate a "Half-way house"; relocate or "return a

---

[1] The Court understands Plaintiff's references to "WC" and "W C" to be his abbreviations for Warren County.

2

park"; place batting cages at a certain park; and restore the youth baseball park to the Delafield Community.  Plaintiff then details other projects the "W C Fiscal Court" has approved without having "WC people or residents get a vote . . . ."  Plaintiff also alleges that Defendants prioritized vaccination sites near the "Buchanon Park area" first and near the "Parker-Bennett area" last.

Finally, Plaintiff makes allegations he has made in prior actions he has filed in this Court regarding the tearing down of houses in the "Shake Rag Community," the creation of a "TIF District," and the development of a "Transpark."

## II.

Plaintiff indicates that the Court has federal-question jurisdiction over this action.  Under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff fails to cite to any federal statute, federal treaty, and/or provision of the United States Constitution which would provide this Court with federal-question jurisdiction.[2]

Moreover, even if the Court could discern some basis for a federal claim in Plaintiff's allegations, he has failed to establish that he has standing to bring this action.  Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case.  *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).  To establish standing, a plaintiff must show the following "three key elements":

---

[2]  The Court additionally notes that the complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are all citizens of Kentucky.  *See* § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

> (1) the plaintiff suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) the injury must be "fairly traceable to the challenged action of the defendant"; and (3) "it must be likely . . . that the injury will be redressed by a favorable decision"

*Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (quoting *Lujan*, 504 U.S. at 560-61). Plaintiff does not allege that he suffered any personal injury as a result of Defendants' alleged actions.

Finally, to the extent that Plaintiff is attempting to bring claims on behalf of people living in certain communities in Warren County, Plaintiff, as a non-lawyer, may not do so. Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654 ("In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003) ("[T]hat statute does not permit plaintiffs to appears *pro se* where interests other than their own are at stake"); *Iannoccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

For these reasons, the Court will enter a separate Order dismissing this action for lack of subject-matter jurisdiction.

### III.

Proceeding without prepayment of the filing fee in a federal civil action is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). It is well-established that the federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly filing

4

frivolous lawsuits, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits and filings.  *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of frivolous or duplicative litigation.  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811.

Within the last five months, Plaintiff has filed eight *pro se* civil-actions in this Court.  Some of the cases contained substantially similar allegations and claims and were consolidated.  Currently, one of those case remains pending for screening; the others have all been dismissed upon screening for lack of subject-matter jurisdiction.  The **Court WARNS Plaintiff** that, if he continues to file frivolous or duplicative lawsuits, it will impose sanctions against him, including but not limited to barring him from proceeding *in forma pauperis* in any future actions.

Date: August 27, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4416.011